**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cr-00102-TWP-DML |
| | ) | |
| MICHAEL A. KNOLL (02), | ) | |
| JAMIE A. BOLINGER (10), | ) | |
| DAX G. SHEPHARD (43), | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| BOB HENSON, J.T. COLLETT, | ) | |
| ANTHONY LUPICA, BRIAN SEXTON, | ) | |
| ROGER HOLLON, | ) | |
| | ) | |
| Intervenors. | ) | |

## ENTRY ON PETITIONS FOR RELIEF FROM FORFEITURE

This matter is before the Court on several filings related to Intervenors' petitions for relief from forfeiture relating to the proceedings of Defendants Michael A. Knoll, Jamie A. Bolinger, and Dax G. Shephard. Interested parties Roger Hollon, Bob Henson, J.T. Collett, Anthony P. Lupica, and Brian Sexton have each filed petitions for relief from forfeiture asserting interests in properties that the Government has moved to forfeit and for which that the Court has entered preliminary orders, specifically: 305 North Jefferson Avenue, Indianapolis, Indiana, 2202-2204 East New York Street, Indianapolis, Indiana, and 1202 West Main Street, Ft. Wayne, Indiana. The Government has filed motions to dismiss the petitions, as well as Intervenor Roger Hollon's ("Mr. Hollon") motion for discovery. The Court makes its rulings below.

# I. BACKGROUND

**A.     Factual History**

Michael Knoll ("Mr. Knoll"), Jamie Bolinger ("Mr. Bolinger"), and Dax Shephard ("Mr. Shephard") were charged along with 48 other persons in a forty-six count Superseding Indictment.  As to Mr. Knoll, the Indictment sought the forfeiture of real estate located at 305 North Jefferson Avenue and 2202-2204 East New York Street, Indianapolis, Indiana, pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3).  Mr. Knoll agreed to the forfeiture in his plea agreement, and the Court accepted the plea and ordered the forfeiture of the named property on July 25, 2013.  On August 18, 2013, the Government filed a Motion for Preliminary Order of Forfeiture, which the Court granted on August 19, 2013.  The Court ordered the Government to serve notice of its intent to forfeit these properties following the procedure in *United States v. James Daniel Goode Real Property*, 510 U.S. 43 (1993).  On September 13, 2013, the United States Marshals Service complied with the Court's order.

As to Mr. Shephard, the Indictment sought the forfeiture of real estate located at 1202 West Main Street, Fort Wayne, Indiana, pursuant to pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3).  Mr. Shephard agreed to the forfeiture in his plea agreement and the Court accepted the plea and ordered the forfeiture of the named property on August 15, 2013.  The Government filed a Motion for Preliminary Order of Forfeiture, which the Court granted on August 20, 2013.  The Court ordered the Government to serve notice of its intent to forfeit these properties following the procedure in *United States v. James Daniel Goode Real Property*, 510 U.S. 43 (1993).  On October 3, 2013, the United States Marshals Service complied with the Court's order.

As to Mr. Bolinger, the indictment sought forfeiture of real estate located at 305 North Jefferson Avenue and 2202-2204 East New York Street, Indianapolis, Indiana. Mr. Bolinger agreed to the forfeiture in his plea agreement and the Court accepted the plea and ordered the forfeiture of the named property on January 10, 2014. Also on January 10, 2014, the Government filed a Motion for Forfeiture of Property (Preliminary), which the Court granted on January 13, 2014. The Court ordered the Government to serve notice of its intent to forfeit these properties following the procedure in *United States v. James Daniel Goode Real Property*, 510 U.S. 43 (1993).

**B.  Procedural History**

On October 11, 2013, Intervenors Bob Henson ("Mr. Henson") and J.T. Collett ("Mr. Collett") filed a Petition for Relief from the Preliminary Order of Forfeiture in Mr. Knoll's case. On October 26, 2013, they filed the same petition in Mr. Shephard's case. In response, the Government filed motions to dismiss. On January 16, 2014, the Court granted the Government's motions without prejudice and gave Mr. Henson and Mr. Collett 14 days to file an amended petition. The Court also granted their motion for discovery in those matters. Also on January 16, 2014, Mr. Hollon filed a Motion for Discovery and a Declaration seeking relief from the preliminary order of forfeiture in Mr. Bolinger's case.

On January 30, 2014, Intervenors Anthony P. Lupica ("Mr. Lupica"), Brian J. Sexton ("Mr. Sexton"), and Mr. Henson filed an Amended Consolidated Refiling ("Amended Petition") in the cases of Mr. Knoll and Mr. Shephard. This marked the first time Mr. Lupica and Mr. Sexton intervened in this action. On February 6, 2014, the Government moved to dismiss the Amended Petition and the filings by Mr. Hollon.

## II. DISCUSSION

The RICO statute provides that any person who violates the RICO statute shall forfeit to the United States any interest in, security of, claim against, or property which the person used to violate 18 U.S.C. § 1962. 18 U.S.C. § 1963(a). It further provides that, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 18 U.S.C. § 1963(l)(2). This provision requires that the "petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 18 U.S.C. § 1963(l)(3).

### A. Mr. Lupica and Mr. Sexton Have Not Filed Timely Petitions

The Government contends that the Amended Petition filed on behalf of Mr. Henson, Mr. Lupica, and Mr. Sexton must be dismissed because: (1) counsel had not filed appearances for Mr. Lupica and Mr. Sexton before filing the Amended Petition, (2) the Amended Petition was not timely as to Mr. Lupica and Mr. Sexton, and (3) the Amended Petition does not set forth the nature and extent of the Intervenors' right, title, or interest in the named properties.

The Court must agree with the Government that, as to Mr. Lupica and Mr. Sexton, the Amended Petition was not timely filed. Under 18 U.S.C. § 1963(l)(2), an intervenor must file a petition within 30 days of the government's service of process on the later of the final publication of notice or the service on the property. In the cases of Mr. Knoll and Mr. Shephard, this occurred on October 10, 2013 and October 23, 2013. Mr. Lupica and Mr. Sexton were not named as intervenors until January 30, 2013, well outside the 30 day time frame. The

Intervenors argue, without legal support, that the Amended Petition relates back to the original October filings by Mr. Henson and Mr. Collett. The Court rejects that proposition. Mr. Henson and Mr. Collett were ordered to refile their dismissed petitions in accordance with the Court's January 16, 2014 Entry. The Court's ruling allowing an amended petition did not alter the filing limitations for parties other than Mr. Henson and Mr. Collett. Thus, the Amended Petition must be dismissed as to Mr. Lupica and Mr. Sexton. The Intervenors argue this is an overly technical interpretation, but the law has technical limitations for good reason, and the Court cannot alter them at will. All parties who file papers in the courts are required to follow the rules of procedure and statutory requirements.

**B.     Mr. Henson Asserted a Right and Interest in the Named Properties**

The Government argues that although Mr. Henson was named in the Amended Petition, it was not brought on his behalf. Further, the Government argues that the Amended Petition does not assert a right or interest in the named properties. The Court finds, however, that Mr. Henson is named in the filing and his signature is attached. Further, the Court finds that in considering the entirety of filings made by Mr. Henson, he has thus far asserted a right and interest in the named properties. The Court will therefore schedule a hearing on the Amended Petition at which Mr. Henson may assert his right to the named properties. However, only Mr. Henson may proceed under the Amended Petition. Mr. Collett was not named, and thus did not timely comply with the deadline set forth by the Court in its January 16, 2014 Entry.

**C.     Mr. Hollon's Petition for Relief from Preliminary Forfeiture**

Mr. Hollon's Declaration, which the Court construes as a petition for relief from preliminary forfeiture, and motion for discovery were filed with the Court before counsel had filed an appearance. The Government moves to dismiss the documents on that ground. After the

Government filed its motion, Mr. Hollon's counsel filed his Appearance. Despite the violation of the Local Rules, the Court finds in its discretion that such has not prejudiced the Government and the documents will not be dismissed or stricken on that ground.

Moreover, the Government seeks dismissal of the Declaration because Mr. Hollon seeks broad intervention in cases that already have signed final orders of forfeiture after proper legal notice had been given. The Court agrees that Mr. Hollon's petition is limited to only Mr. Bolinger's case, and he may no longer assert an interest in cases where final forfeiture orders have been signed. Therefore, the Court will schedule a hearing—to be consolidated with the Amended Petition filed by Mr. Henson—on the Declaration.

### D. Discovery Matters

Mr. Hollon seeks discovery from the Government regarding the materials seized from the named properties. The Court previously granted Mr. Henson's request for discovery. The Government has not objected to the discovery, but exhibits filed by Mr. Hollon indicate the Government has thousands of pages that would be responsive to the requests. Given the volume of pages, the Government should allow Mr. Hollon's and Mr. Henson's counsel to review the documents under cooperation with the Government to avoid requiring unnecessary and expensive copying. Counsel may then choose which documents require copying. Therefore, the outstanding Motion for Discovery is **GRANTED**.

### III. CONCLUSION

For the reasons stated above, the Government's Motions to Dismiss the Amended Petition (Dkts. 2625, 2626) are **GRANTED in part** and **DENIED in part**. Intervenors Mr. Lupica's and Mr. Sexton's Petition is **DISMISSED with prejudice**. Intervenor Collett's Petition is **DISMISSED with prejudice**. Mr. Henson's Petition (Dkt. 2607) remains pending a

hearing. The Government's Motion to Dismiss Mr. Hollon's Declaration (Dkt. 2627) is **DENIED**. Mr. Hollon's Declaration/Petition (Dkt. 2568) remains pending a hearing. The Court will hold a consolidated hearing on the Petitions. Finally, Mr. Hollon's Motion for Discovery (Dkt. 2567) is **GRANTED**.

The hearing on the Petitions of Mr. Henson and Mr. Hollon shall take place on <u>June 6, 2014 at 10:30 a.m</u>. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana.

**SO ORDERED.**

Date: 04/18/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Loren Jay Comstock
lorenjcomstock1@yahoo.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov