UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cr-00102-TWP-DML |
| ) | |
| MICHAEL A. KNOLL (02), ) | |
| DAX G. SHEPHARD (43), ) | |
| ) | |
| Defendants, ) | |
| ) | |
| BOB HENSON, ) | |
| ) | |
| Intervenor. ) | |

## ENTRY ON SUMMARY JUDGMENT

This matter is before the Court on the United States of America's ("Government") Motion for Summary Judgment ([Filing No. 2855](#)) on pending forfeiture matters in the cases of Michael Knoll ("Mr. Knoll") and Dax Shephard ("Mr. Shephard"). Bob Henson ("Mr. Henson") has intervened in the forfeiture proceedings asserting an interest in the real properties forfeited pursuant to [Filing No. 2088](#) and [Filing No. 2101](#), and a hearing is set on the petitions on August 21, 2014. This ruling is limited to the petitions regarding the interest in the real properties in Indianapolis and Fort Wayne, Indiana, and not the Outlaws Motorcycle Club ("OMC") paraphernalia. For the following reasons, the Government's motion is **GRANTED**, the hearing is **VACATED**, and Mr. Henson's petitions are **DENIED**.

### I. BACKGROUND

Michael Knoll and Dax Shephard were charged along with 49 other persons in a forty-six count Second Superseding Indictment returned by a federal grand jury on October 17, 2012. As to Mr. Knoll, the indictment sought the forfeiture of real estate located at 305 North Jefferson

Avenue and 2202-2204 East New York Street, Indianapolis, Indiana, pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3). Mr. Knoll agreed to the forfeiture in his plea agreement. The Court accepted the plea and ordered the forfeiture of the named property on July 25, 2013. On August 18, 2013, the Government filed a Motion for Preliminary Order of Forfeiture, which the Court granted on August 19, 2013. The Court then ordered the Government to serve notice of its intent to forfeit these properties following the procedure in *United States v. James Daniel Goode Real Property*, 510 U.S. 43 (1993). On September 13, 2013, the United States Marshals Service complied with the Court's order.

As to Mr. Shephard, the indictment sought the forfeiture of real estate located at 1202 West Main Street, Fort Wayne, Indiana, pursuant to pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3). Mr. Shephard agreed to the forfeiture in his plea agreement and the Court accepted the plea and ordered the forfeiture of the named property on August 15, 2013. The Government filed a Motion for Preliminary Order of Forfeiture, which the Court granted on August 20, 2013. Thereafter, the Court ordered the Government to serve notice of its intent to forfeit these properties following the procedure in *United States v. James Daniel Goode Real Property*, 510 U.S. 43 (1993). On October 3, 2013, the United States Marshals Service complied with the Court's order.

Mr. Henson states that he became leader of the OMC in Indianapolis after the initial raid at the clubhouse located at 2202-2204 East New York Street, Indianapolis, Indiana in 2012. Since that time he has delegated responsibilities and operated the clubhouse.

## II. **LEGAL STANDARD**

The RICO statute provides that any person who violates the RICO statute shall forfeit to the United States any interest in, security of, claim against, or property which the person used to

violate 18 U.S.C. § 1962. 18 U.S.C. § 1963(a). It further provides that, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 18 U.S.C. § 1963(l)(2). A petitioner's right to the property must have vested in petitioner and not defendant "at the time of the commission of the acts which gave rise to the forfeiture of the property," or the purchaser must be a bona fide purchaser of the property. 18 U.S.C. § 1963(l)(6).

"If a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding." Fed. R. Crim. P. 32.2(c)(1). A court may permit discovery and the parties may move for summary judgment under Federal Rule of Civil Procedure 56. *Id.* Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007).

### III. DISCUSSION

Relevant to the instant matter, the RICO statute requires that a third party must establish an interest in the property forfeited by a criminal defendant that existed at the time the criminal acts took place. The Government contends that Mr. Henson cannot establish a legal interest at the time of the crimes in this case. The Court agrees. The only evidence on record regarding Mr. Henson's legal interest in the subject properties is found in a personal statement, *see* Filing No. 2853-1, and it relates solely to the Indianapolis property and not the Fort Wayne property. Further, it asserts that his interest is a result of becoming a leader after the initial raid in 2012,

which is after the time the criminal acts took place. Filing No. 2853-1, at ECF p. 1. The statement also lists what can be characterized as equitable rights, such that he took the responsibility when no one else was willing, is invested in the neighborhood, and has run the real property as any other household. Filing No. 2853, at ECF p. 1. However, Mr. Henson must establish a legal, not merely an equitable, interest in the property, such as a colorable ownership interest, title, or share in the property. *See United States v. Rosga*, 864 F. Supp. 2d 439, 448 (E.D. Va. 2012). He has not done so. Additionally, Mr. Henson's response in opposition to the Government's motion (Filing No. 2871) discusses an alleged interest in OMC paraphernalia, but lacks discussion or evidence regarding the real property at issue. Instead, the response focuses on another interested party, Bradley Carlson's claims for OMC paraphernalia. It is for these reasons—that Mr. Henson has not established any legal interest in the two subject parcels of real property—that the Government's motion must be **GRANTED**.

## IV. <u>CONCLUSION</u>

Accordingly, the Government's Motion for Summary Judgment (Filing No. 2855) is **GRANTED**. Mr. Henson's Petition for Relief from the Preliminary Order of Forfeiture (Filing No. 2607) is **DENIED**. Additionally, the Government's related Motion to Compel appears to have been satisfied by Mr. Henson's Notice of Compliance (Filing No. 2853) and thus the Motion to Compel (Filing No. 2837) is **DENIED**. Given the Court's rulings herein, Mr. Henson's request to have Bradley Carlson testify as an expert (Filing No. 2842) is **DENIED** as moot. Finally, the August 21, 2014, hearing is **VACATED**.

There remain several pending motions, including Bradley Carlson's Motion to Reopen a Portion of Final Orders of Forfeiture (Filing No. 2834), the Government's Motion to Dismiss Intervener Petition filed by Bradley Carlson (Filing No. 2848), and Bradley Carlson's Motion to

4

Compel (Filing No. 2877).  These motions, which concern OMC paraphernalia, were not subject to the August 21, 2014 hearing and will be resolved in a separate entry.

**SO ORDERED.**

Date: 08/15/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Loren Jay Comstock
lorenjcomstock1@yahoo.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris  Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov